IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **RONNIE ROBBINS, AND ALL OTHERS SIMILARLY SITUATED UNDER 29 USC 216(B),**<br><br>*Plaintiff*,<br>v.<br>**XTO ENERGY, INC. (a/k/a EXXONMOBIL),**<br><br>*Defendant*. | Civil Action No. 3:16-cv-793<br><br>**JURY DEMANDED** |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff Ronnie Robbins ("Plaintiff"), individually and on behalf of all others similarly situated, files this Original Complaint against Defendant XTO Energy, Inc. (a/k/a ExxonMobil), and in support states the following:

### I.  SUMMARY

1. Plaintiff, and other similarly situated workers, have been required to work in excess of 12 hours a day, 7 days a week, for consecutive weeks at a time in Defendant's oilfields and jobsites throughout the nation. Plaintiff and other frontline oilfield workers, however, have not received proper overtime compensation for all hours worked in excess of 40 in a single workweek ("overtime hours"). This collective action seeks to recover the unpaid overtime wages and liquidated damages owed to these admittedly non-exempt workers.

### II.  PARTIES

2. Plaintiff Ronnie Robbins ("Plaintiff") is an individual who was employed by Defendant within the meaning of the FLSA. He has previously consented to be a Plaintiff in this matter.

3. The Plaintiff and "Class Members" are Defendant's current and former frontline oilfield workers who were paid primarily on a non-exempt, overtime eligible basis (including, but not limited to Defendant's "Lease Operators," "Automation Technicians," and other production-side workers who were similarly classified by Defendant on a non-exempt basis but may have been known by a distinct title).

4. Defendant XTO Energy Inc. ("XTO") is a corporation headquartered in this District that has already been served with process of this lawsuit.

### III.   JURISDICTION AND VENUE

5. This Court has jurisdiction over the claim because Plaintiff has asserted a claim arising under federal law.

6. Venue is proper in the Northern District of Texas because the events forming the basis of this suit occurred in this District and because Defendant resides in this District.

### IV.   COVERAGE FACTS

7. At all material times, Defendant has acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff and the Class Members.

8. At all times hereinafter mentioned, Defendant has been an employer or joint employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

9. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

10. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by

any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

11. At all times hereinafter mentioned, Plaintiff and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V.  FACTUAL ALLEGATIONS

12. Defendant is involved in oilfield services nationwide and specifically advertises its USA operations in Texas, New Mexico, Colorado, Utah, Wyoming, Oklahoma, Arkansas, Louisiana, Kansas, North Dakota, Montana, Ohio, West Virginia, Pennsylvania, and New York State. Defendant XTO Energy, Inc. merged with or was acquired by Defendant ExxonMobil in 2010 and now operates as an ExxonMobil subsidiary. During all relevant times, Defendant has done and does more than $500,000.00 in business each year.

13. Plaintiff worked specifically as a "Lease Operator" for Defendant within the last three years and until approximately September 2014.  In this capacity, Plaintiff was responsible for inspecting and operating well equipment and performing other route and routine duties as assigned.

14. Defendant classified Plaintiff and each of the proposed class members as non-exempt, overtime eligible workers.  Pursuant to Defendant's own classification scheme, these front-line oilfield workers each performed non-exempt duties.  Plaintiff and the Class Members did not perform office or non-manual work as their primary duty.  Plaintiff and the Class Members did not exercise independent judgment and discretion in performing these job duties. Plaintiff's and the Class Members' primary duty, instead, was to operate and monitor Defendant's oilfield equipment and tools.

15. Defendant, however, did not pay proper regard to the number of hours Plaintiff actually worked. Rather, Plaintiff and the Class Members routinely worked over 40 hours per week ("overtime hours"), but were not lawfully paid overtime for doing so. Defendant knew that Plaintiff and the Class Members worked in excess of 40 hours per week and they allowed and directed them to do so.

16. Plaintiff and the Class Members are entitled to receive overtime pay for all hours worked in excess of 40 per workweek and not just for some portion of these hours. Plaintiff and the Class Members are entitled to receive this overtime pay at the rates required by the FLSA, including the calculation of any daily bonuses or pay into their regular rates of pay for purposes of calculating their lawful overtime rates.

17. Defendant was aware of the FLSA's overtime requirements and willfully chose not to pay Plaintiffs and the Class Members overtime pay for all overtime hours worked.

## VI.   COLLECTIVE ACTION ALLEGATIONS

18. Plaintiff and the Class Members performed the same or similar job duties as one another as described in the preceding paragraphs in that the Class Members' primary duty was to perform similarly non-exempt duties pursuant to Defendant's own common classification scheme. Moreover, as Defendant's frontline oilfield workers, Plaintiff and the Class Members were each required to operate and monitor Defendant's frontline oilfield equipment and tools, regardless of their precise title or region served. Further, Plaintiff and Class Members were subjected to the same pay provisions in that they were paid under the same pay plan but were not paid at time-and-one-half their regular rates of pay for all hours worked in excess of 40 hours in a workweek. Specifically, Plaintiff and the Class Members were paid primarily on a non-exempt, overtime eligible basis, but were not paid overtime for all of the hours they worked in excess of 40 during any workweek. Accordingly, the Class Members were victimized by

Defendant's unlawful pattern and practices and are similarly situated to Plaintiff in terms of job duties and pay provisions.

19. Defendant's failure to pay overtime compensation at the rates required by the FLSA results from generally applicable policies or practices and do not depend on the personal circumstances of the Class Members. Thus, Plaintiff's experience is typical of the experience of the Class Members. All Class Members, regardless of their precise job requirements or rates of pay, are entitled to overtime compensation for hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and fact are common to Plaintiff and the Class Members.

20. Defendant knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime and minimum compensation with respect to Plaintiff and the Class Members.

### VII. COUNT I: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

21. During the relevant time period, Defendant violated and continues to violate the provisions of sections 6 and 7 of the FLSA, 29 U.S.C §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for weeks longer than 40 hours without compensating for work in excess of 40 hours per week at rates no less than one-and-a-half times their regular rates of pay. Defendant has acted willfully in failing to pay Plaintiff and the Class Members in accordance with the law.

### VIII.   RELIEF SOUGHT

WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendant jointly and severally as follows:

    a.    For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those who may join the suit); and

    b.    For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

    c.    For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees;

    d.    For and Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

    e.    For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/ *Jay Forester*
**JACK SIEGEL**
*Co-Attorney in Charge*
Texas Bar No. 24070621
**SIEGEL LAW GROUP PLLC**
10440 N. Central Expy.
Suite 1040
Dallas, Texas 75231
(214) 706-0834 phone
(469) 339-0204 fax
www.siegellawgroup.biz

**J. DEREK BRAZIEL**
*Co-Attorney in Charge*
Texas Bar No. 00793380
**J. FORESTER**
Texas Bar No. 24087532

**LEE & BRAZIEL, L.L.P.**
1801 N. Lamar Street, Suite 325
Dallas, Texas  75202
(214) 749-1400 phone
(214) 749-1010 fax
www.overtimelawyer.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was electronically filed with the Clerk for the United States District Court, Northern District of Texas, using the electronic case filing system of the Court.

/s/ Jay Forester_____
**J. Forester**