UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONNIE ROBBINS, AND ALL OTHERS SIMILARLY SITUATED UNDER 29 USC 216(B), | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:16-cv-00793-M |
| XTO ENERGY, INC. (a/k/a EXXONMOBIL), | § § § § | |
| Defendant. | § | |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S**
**OVERBROAD CLASS DEFINITION AND RELATED CLASS ALLEGATIONS**

Defendant XTO Energy Inc. ("XTO" or "Defendant") respectfully requests that the Court dismiss the overbroad class definition set forth in paragraph 3 of Plaintiff Ronnie Robbins's ("Plaintiff") First Amended Complaint (Dkt. 17) ("Amended Complaint"), as well as the Amended Complaint's other references incorporating Plaintiff's proposed class definition.

### I.   SUMMARY

In his Amended Complaint, Plaintiff significantly broadens his proposed class definition in a transparent attempt to maximize this collective action in the hopes of increasing settlement leverage, facilitating broader discovery, or both.  **However, Plaintiff's proposed class definition is fatally deficient because it relies on the conclusory allegations of one Lease Operator to expand the putative class from employees in a single position to all non-exempt "frontline oilfield workers" nationwide without regard to job titles, geographic location, dates of employment, compensation method, or hours worked.**  The Court should therefore dismiss Plaintiff's overbroad class definition.

In his Original Complaint, Plaintiff alleged that he worked as a Lease Operator for three years until approximately September 2014, and that XTO paid him a salary with no overtime for all hours worked over 40 in a workweek in violation of the Fair Labor Standards Act ("FLSA"), despite requiring him to work in excess of 12 hours a day, 7 days a week. (Original Complaint at ¶¶ 1, 14, 16-17). Based on these allegations, Plaintiff initially sought a class of "similarly situated" Lease Operators paid on a salary basis. (Original Complaint at ¶¶ 13, 20-21).[1] After more than nine months since filing his Original Complaint, Plaintiff appears to have determined that this more narrow class definition was too restrictive, and now broadly seeks to represent all **"frontline oilfield workers who were paid primarily on a non-exempt, overtime eligible basis"**—regardless of job titles, geographic location, dates of employment, compensation method, or hours worked. (Amended Complaint ¶ 3). Plaintiff's justification for such a significant expansion is unclear, even in light of the new allegations in the Amended Complaint. The Amended Complaint fails to define "frontline oilfield workers" or to explain how they are similarly situated to Plaintiff with respect to job duties, supervision, pay provisions, and overtime entitlement under the FLSA. Indeed, Plaintiff's allegations concerning these other undefined frontline oilfield workers across the country appear to be mere conjecture. Accordingly, the Court should dismiss Plaintiff's proposed class definition under Fed. R. Civ. P. 12(b)(6).

XTO does not contend, at this time, that the named Plaintiff's individual claims should be dismissed. XTO will be filing its Answer to the allegations in Plaintiff's Amended Complaint subject to this Motion. XTO merely requests that the Court dismiss the overly broad and conclusory class definition in Plaintiff's Amended Complaint, for the reasons set forth below.

---

[1] XTO does not concede that all Lease Operators are "similarly situated" with Plaintiffs or that conditional and/or class certification of such a group would be appropriate in this case. XTO merely notes that the Amended Complaint's addition of unspecified "frontline oil workers" to Plaintiff's proposed class fails to comply with the requirements of Fed. R. Civ. P. 8 and 12.

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S OVERBROAD
CLASS DEFINITION AND RELATED CLASS ALLEGATIONS**                                    Page 2 of 12

## II.      RELEVANT FACTUAL ALLEGATIONS[2]

A.    **XTO's business and Plaintiff's individual claims.**

XTO is an ExxonMobil subsidiary involved in oilfield services in multiple locations throughout the United States. (Amended Complaint ¶ 12). Plaintiff alleges that he worked as a "Lease Operator" who was "responsible for inspecting and operating well equipment and performing other route and routine duties as assigned." (Amended Complaint ¶ 13). Plaintiff further alleges that XTO classified him as a non-exempt, overtime eligible worker, but he claims he did not receive overtime premiums for all hours worked over forty in one week in violation of the FLSA. (Amended Complaint ¶ 15).

B.    **Plaintiff's FLSA collective action allegations and proposed class definition.**

In addition to his individual claims, Plaintiff seeks to represent other workers in a nationwide "collective" action under 29 U.S.C. § 216(b). (Amended Complaint ¶ 3). On December 27, 2016, Plaintiff filed his Amended Complaint[3], seeking to represent the "Class Members," defined as:

> **Defendant's current and former frontline oilfield workers who were paid primarily on a non-exempt, overtime eligible basis**

---

[2] Because Rule 12(b)(6) requires a district court to accept all well pleaded facts as true and view them in the light most favorable to the plaintiff, *United States ex rel. Vavra v. Kellogg Brown & Root, Inc.*, 727 F.3d 343, 346 (5th Cir. 2013) (internal quotations omitted), XTO relies here on the allegations contained in the Amended Complaint, without waiving its right to later contest such allegations.

[3] In filing his Amended Complaint, Plaintiff violated the procedure for amending pleadings in Fed. R. Civ. P. 15(a)(2), which states that after the time has passed for a party to amend as a matter of course, a party may only file an amended complaint "with the opposing party's written consent or the court's leave." Plaintiff did not obtain XTO's written consent and, although Plaintiff filed a Motion for Leave to File Amended Complaint (Dkt. 16) requesting such leave, he did not wait for the Court to grant his motion before filing his Amended Complaint. Because Plaintiff had neither XTO's consent, nor leave of court, to file an amendment at the time he filed the Amended Complaint, it would be appropriate for the Court to strike the Amended Complaint. *See Munoz v. Seton Healthcare, Inc.*, 557 Fed. Appx. 314, 318 (5th Cir. Feb. 18, 2014) (finding district court did not abuse its discretion in striking plaintiff's third amended complaint when she filed it without consent or leave); *Vasquez v. Nueces County*, No. C-11-45, 2012 U.S. Dist. LEXIS 14857, at *3 (S.D. Tex. Feb. 6, 2012) (granting defendants' motion to strike where plaintiff filed her amended complaint in violation of Rule 15(a)(2)); *Goines v. CIT Group,* No. H-11-03287, 2012 U.S. Dist. LEXIS 60839, *8-9 (S.D. Tex. 2012) (striking plaintiff's pleadings for failure to comply with Rule 15(a)(2)).

>  **(including, but not limited to Defendant's "Lease Operators," "Automation Technicians," and other production-side workers who were similarly classified by Defendant on a non-exempt basis but may have been known by a distinct title).**

(Amended Complaint ¶ 12).

This definition is not based on objective criteria that will allow the Court to determine whether each putative class action participant is a proper member. Further, although the Amended Complaint does contain some allegations regarding the characteristics of "frontline oilfield workers," the allegations are vague, speculative, and fail to meet even the liberal 12(b)(6) standard. Plaintiff's allegations lack the requisite factual content regarding the duties of other frontline oilfield workers, how they were supervised, how they were paid, their geographic locations, or their job titles (other than Lease Operator or Automation Technician) to put XTO on fair notice of the putative class.

### III. ARGUMENT

**A.     Standard of Review**

Under Fed. R. Civ. P. 8(a)(2), a complaint must contain a "short and plain statement of the claim showing the pleader is entitled to relief." The Supreme Court has explained that a complaint does not need detailed factual allegations, but "more than labels and conclusions" are necessary, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Thus, to survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The court does not accept as true

"conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not sufficient. *Iqbal*, 556 U.S. at 678.

The FLSA permits an employee to pursue a collective action in a representative capacity on behalf of persons who are "similarly situated" to the plaintiff and who "opt in" to the collective action through a written consent to the court. 29 U.S.C. § 216(b). As courts in this District have noted, this means the proposed class members are both similarly situated "with respect to job requirements and with regard to their pay provisions." *Huaman v. Ojos Locos Sports Cantina LLC*, 2014 U.S. Dist. LEXIS 114675 at *4 (N.D. Tex. Aug. 19, 2014). To act in a representative capacity, a plaintiff may seek conditional certification, which permits the plaintiff to send notices to potential class members. Although some courts will not evaluate collective action allegations until a plaintiff moves for conditional certification, this Court has held that, "at the pleading stage, plaintiffs asserting FLSA collective actions must make plausible allegations that there are similarly situated employees with certain common alleged attributes that could support a collective action." *Ecoquij-Tzep v. Hawaiian Grill*, No. 3:16-CV-00625-M, 2016 U.S. Dist. LEXIS 90513, *13 (N.D. Tex. July 12, 2016). This is so because "Rule 12(b)(6) requires that the complaint at least give the defendant fair notice of the putative class," which is "a much different inquiry than that made at the conditional class certification stage." *Id.*; *see also Flores v. Act Event Servs., Inc.*, 55 F. Supp. 3d 928, 940 (N.D. Tex. 2014) (finding a class defined in inexact and broad terms did not give fair notice to the defendant and could not survive a motion to dismiss). Thus, to survive a motion to dismiss, an FLSA plaintiff "must show that the employees have substantially similar job requirements and are subject to the same common

compensation scheme." *Huchingson v. Rao*, No. 5:14-CV-1118, 2015 U.S. Dist. LEXIS 48674, *4-5 (W.D. Tex. April 14, 2015) (citing *Huaman*, 2014 U.S. Dist. LEXIS 114675 at *4). Otherwise, without these pleading requirements, plaintiffs may "plead an overly broad collective action in the hopes of securing as many collective action plaintiffs as possible at the certification stage." *Flores*, 55 F. Supp. 3d at 940, n.6.  Such is the case here.

**B.     The Court should dismiss Plaintiff's overbroad and conclusory class allegations.**

The Court should dismiss Plaintiff's class allegations because they are premised on a class definition that fails to give XTO fair notice of the putative class and because they are not supported by any plausible factual allegations as required by *Iqbal* and *Twombly*.

As explained above, Plaintiff has made his proposed class definition purposefully unspecific in order to capture the largest possible number of putative class members, even if such a definition is not reflective of his own experience or knowledge.  The Amended Complaint's class definition contains **no limitations regarding job titles, geographic location, dates of employment, compensation method, or hours worked**.  Although there is nothing inherently improper about a broadly defined collective action, "the breadth of a collective action should reflect the facts alleged in the complaint." *Flores*, 55 F. Supp. 3d at 940, n. 6.  Here, the paltry facts alleged in Amended Complaint fail to identify which employees are non-exempt "frontline oilfield workers" and fail to demonstrate that they are similarly situated with respect to Plaintiff's allegation that Plaintiff: (i) was not otherwise exempt from the FLSA's overtime requirements; (ii) performed the same duties as the proposed Class Members; and (ii) was entitled to but did not receive overtime compensation under the FLSA.  This overreaching dooms Plaintiff's proposed class definition for the same reason the proposed definition in *Huchingson* did: it fails to "show that the employees have substantially similar job requirements and are subject to the

same common compensation scheme" and therefore fails to give XTO "fair notice of the putative class." *Huchingson*, 2015 U.S. Dist. LEXIS 48674 at *4-5, 7.

By leaving XTO to guess regarding which workers are the "frontline oilfield workers" Plaintiff seeks to represent, this definition falls woefully short of Rule 12(b)(6)'s requirements. Courts throughout the country have dismissed collective action allegations for similar ambiguities, and the Court should do the same here. *E.g. Jones v. Warren Unilube, Inc.*, 5:16-CV-264-DAE, 2016 U.S. Dist. LEXIS 117983, *7 (W.D. Tex. Sept. 1, 2016) (finding that a proposed class of comprised of "quality assurance coordinators paid on an hourly basis at any time during the three-year period immediately preceding the filing of this suit"—a definition more specific than the one Plaintiff has proposed—failed to adequately state a collective action claim); *England v. Adm'rs of the Tulane Educ. Fund*, No. 16-3184, 2016 U.S. Dist. LEXIS 93842, *11-12 (E.D. La. July 19, 2016) (finding a proposed putative class "of all similarly situated hourly, non-exempt employees employed by Tulane within the past three years who worked at least thirty-seven and a half hours, per week, with some overtime, and were not paid correctly through cash wages and/or benefits" did not give defendants fair notice of the putative class); *Huchingson*, 2015 U.S. Dist. LEXIS 48674, at *8-9 (finding a class of employees defined as similarly situated in terms of job duties, pay, and compensation insufficient to survive a motion to dismiss because the court could not discern which employees the plaintiff sought to include); *Dyer v. Lara's Trucks, Inc.,* No. 1:12-cv-1785-TWT, 2013 WL 609307, *3 (N.D. Ga. Feb. 19, 2013) (finding a class of employees defined as similarly situated in terms of job duties, pay, and compensation insufficient to survive a motion to dismiss because the court could not discern which employees the plaintiff sought to include); *Creech v. Holiday CVS, LLC*, 2012 U.S. Dist. LEXIS 144838, *7-8 (M.D. La. Sept. 26, 2012) (dismissing collective action because

the complaint "fails to provide any such description or details about the other proposed parties who are alleged to be 'similarly situated'"); *Pickering v. Lorillard Tobacco Co., Inc.*, No. 2:10-CV-633-WKW[WO], 2011 WL 111730, at *2 (M.D. Ala. Jan 13, 2011) (dismissing collective action where "there [was] no description of the job duties (or even the job titles) of the proposed similarly situated employees in the Complaint").

Plaintiff may point to the Amended Complaint's limited discussion of the duties and compensation of proposed Class Members to distinguish his collective action allegations from those that other courts have dismissed, but these allegations are wholly inadequate to survive a motion to dismiss. With respect to job duties, Plaintiff alleges that the proposed Class Members "performed non-exempt duties," "did not perform office or non-manual work," and "did not exercise independent judgment and discretion"—all of which are purely legal conclusions and are not entitled to be taken as true. *Ashcroft*, 556 U.S. at 678 (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). Likewise, Plaintiff's vague assertion that all the employees in his proposed class "operate and monitor Defendant's frontline oilfield equipment and tools"—Plaintiff's **only** attempt to define the term "frontline oilfield workers"—is "not descriptive enough to give rise to a plausible right to relief." *See Creech*, 2012 U.S. Dist. LEXIS 144838, at *8 (finding plaintiff's claim that other class members were similarly situated because they also "provided customer services" for the defendants failed to satisfy the 12(b)(6) standard). This single description fails to demonstrate that Automation Technicians and all other non-exempt production-side workers regardless of title and location are similarly situated to Plaintiff with respect to their job duties.

Further, Plaintiff fails to allege sufficient facts showing that he and the proposed Class Members were "similarly situated" with respect to pay provisions. Tellingly, after receiving

written discovery, Plaintiff has abandoned his original, specific allegation that he was paid on a salary basis and was never paid overtime (Orig. Complaint, Dkt. 1 at ¶ 16), and replaced it with the more general claim that he and all the proposed Class Members were classified as "non-exempt, overtime eligible" but not paid overtime for all hours worked in excess of 40 hours per week. (Amended Complaint § 14). In *Creech* and *Huchingson*, the courts found similar allegations to be lacking. *See Creech*, 2012 U.S. Dist. LEXIS 144838, at *8. (noting that "the Complaint does not indicate whether other class members are also wage-and-hour employees or are paid a salary"); *Huchingson*, 2015 U.S. Dist. LEXIS 48674, at *8 (noting plaintiff "does not allege whether the employees were hourly or salaried"). Plaintiff's conclusory allegation that "Plaintiff and Class Members were subjected to the same pay provisions in that they were paid under the same pay plan but were not paid at time-and-one-half their regular rates of pay for all hours worked in excess of 40 hours in a workweek," assumes the existence of an unlawful compensation scheme, but lacks any factual detail about what this "scheme" entails. *See Creech*, 2012 U.S. Dist. LEXIS 144838, at *8 ("A mere allegation of a 'systematic scheme' does not satisfy the plausibility standard required in order to survive a 12(b)(6) motion to dismiss"). Like the *Creech* and *Huchingson* plaintiffs, Plaintiff fails to identify whether the proposed Class Members were paid a salary or an hourly rate and how the alleged common policy affected their pay structure. Accordingly, Plaintiff's collective action allegations must be dismissed.

Assuming *arguendo* that Plaintiff's class allegations and proposed class definition could be construed to give XTO fair notice of the putative class (and they cannot), the Court should still dismiss these allegations because, with the exception of the necessarily limited number of proposed Class Members who held the same position and worked in the same location as Plaintiff, Plaintiff's allegations are nothing more than speculation and conjecture masquerading

as facts. Indeed, the Amended Complaint lacks any information regarding where Plaintiff worked for XTO, where the proposed Class Members work for XTO, or how Plaintiff was able to discern that all "frontline oilfield workers" are similarly situated regardless of their "region served." (Amended Complaint ¶ 18). Thus, Plaintiff fails to provide any basis for reasonably inferring that he has knowledge regarding the job duties, supervision, work hours, compensation, or overtime entitlement of other non-exempt frontline oilfield workers nationwide. Additionally, Plaintiff includes the "Automation Technician" position in his proposed class definition **without providing any factual support** for its inclusion or explaining why it is the only other position he specifically names. (Amended Complaint ¶ 3).

Presumably, these allegations are based solely on unspecified information and Plaintiff's subjective beliefs that the elements of an FLSA collective action are present here. This approach is no different from the one rejected by this Court in *Hawaiian Grill* where the plaintiff "merely alleged his belief that there are employees 'like the plaintiff' who have not been paid minimum wages or overtime, going back three years." 2016 U.S. Dist. LEXIS 90513, at *13-14. [4] By failing to establish any factual foundation for his allegations concerning other "frontline oilfield workers" in the Amended Complaint, Plaintiff has merely expressed his belief that there are other workers who were entitled to but did not receive overtime under the FLSA because they were also classified as "non-exempt, overtime eligible." As this Court noted in *Hawaiian Grill*, such "threadbare recitals" based on Plaintiff's beliefs "are insufficient to survive a motion to dismiss." *Id*. (citing *Iqbal*, 556 U.S. at 678)). The Court should reach the same result here and dismiss Plaintiff's class allegations.

### IV. CONCLUSION

---

[4] The *Hawaiian Grill* plaintiff later addressed these deficiencies by providing more facts, including the job titles affected and the details of alleged unlawful pay policy, in its Amended Complaint. *See Ecoquij-Tzep v. Hawaiian Grill*, No. 3:16-CV-00625-M 2016 U.S. Dist. LEXIS 174075 (N.D. Tex. Dec. 16, 2016).

Plaintiff's class allegations are premised on a class definition that fails to give XTO fair notice of the putative class and are not supported by plausible factual allegations. The Court should therefore dismiss Plaintiff's class definitions from the Amended Complaint.

Respectfully submitted,
*/s/ Felicity A. Fowler*
Felicity A. Fowler
State Bar No. 00784076
felicity.fowler@haynesboone.com
Alex Stevens
State Bar No. 24075120
alex.stevens@haynesboone.com
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone: (214) 651-5257
Telecopier: (214) 651-5940

**ATTORNEYS FOR DEFENDANT XTO ENERGY INC.**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing instrument has been served upon Plaintiff's attorney of record on this the 10th day of January 2017, pursuant to the Court's ECF filing system and the Federal Rules of Civil Procedure.

    Jack Siegel
    Siegel Law Group PLLC
    10440 N. Central Expy., Suite 1040
    Dallas, Texas  75231

    J. Braziel
    J. Forester
    Lee & Braziel, L.L.P.
    1801 N. Lamar Street, Suite 325
    Dallas, Texas  75202

                                            */s/ Felicity A. Fowler*