UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RONNIE ROBBINS, AND ALL OTHERS SIMILARLY SITUATED UNDER 29 U.S.C. 216(B),<br><br>　　　　　　Plaintiff,<br>　v.<br><br>XTO ENERGY, INC. (a/k/a EXXONMOBIL),<br><br>　　　　　　Defendant. | Civil Action No. 3:16-cv-793-M |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Defendant's Motion to Dismiss Plaintiff's Overbroad Class Definition and Related Class Allegations (ECF No. 20). For the reasons stated below, the Motion is **GRANTED**.

**I.	Background**

On December 27, 2016, Plaintiff Ronnie Robbins filed a collective action against Defendant ExxonMobil, his former employer, alleging it failed to pay him and other similarly situated employees overtime, in violation of the Fair Labor Standards Act, 28 U.S.C. § 206, *et seq*. ("FLSA"). Robbins alleges he was responsible for inspecting and operating well equipment and performing other routine duties as assigned. He defines the class as current and former frontline oilfield workers, including, but not limited to, lease operators, automation technicians, and other production-side workers. Robbins claims that he and other class members worked in excess of 40 hours per week but were not paid the time and a half rate required by the FLSA.

Defendant moves to dismiss Robbins' alleged overbroad class definition and related class allegation.

## II.     Legal Standard

Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard requires more than a sheer possibility that the defendant acted unlawfully, and a Plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In *Ecoquij-Tzep v. Hawaiian Grill*, No. 3:16-CV-625-M, 2016 WL 3745685 (N.D. Tex. July 12, 2016), this Court recognized that courts disagree about whether a plaintiff purporting to represent similarly situated individuals under § 216(b) must plead facts to support the propriety of a collective action in order to survive a motion to dismiss:

> Some have held that a "challenge on the pleadings is an end-run around the certification process," since the plaintiffs have not had the opportunity to develop the record. *Lang v. DirecTV, Inc.*, 735 F. Supp. 2d 421, 435–36 (E.D. La. 2010) ("Defendants' motion to dismiss is premature."); *Hoffman*, 2009 WL 4825224 (S.D. Tex. Dec. 8, 2009) ("Plaintiffs need not plead facts to support the propriety of a collective action to survive a Rule 12(b)(6) motion. Whether proceeding collectively is appropriate will be addressed when the plaintiffs move for conditional certification."); *Perez v. T.A.S.T.E. Food Products, Inc.*, 2014 WL 412327, at *6-7 (W.D. Tex. Feb. 3, 2014) (same); *Craven v. Excel Staffing Serv., Inc.*, 2014 WL 345682, at *7 (S.D. Tex. Jan. 30, 2014) (same); *Ambrose v. Northstar Memorial* Group, 2012 WL 3727156, at *1 (W.D. Tenn. Aug. 27, 2012) (same).

>Other courts have held that Rule 12(b)(6) requires that the complaint at least give the defendant fair notice of the putative class, finding that a fair notice inquiry is a much different inquiry than that made at the conditional class certification stage. *Flores v. Act Event Servs., Inc.*, 55 F. Supp. 3d 928, 940 (N.D. Tex. 2014) (Fish, J.) (finding a class defined in inexact and broad terms did not give fair notice to the defendant and could not survive a motion to dismiss); *Huchingson v. Rao*, 2015 WL 1655113, at *3 (W.D. Tex. Apr. 14, 2015) (same); *Dyer v. Lara's Trucks, Inc.*, 2013 WL 609307, at *3 (N.D. Ga. Feb. 19, 2013) (same); *Creech v. Holiday CVS, LLC*, 2012 WL 4483384, at *3 (M.D. La. Sept. 28, 2012) (same). *Ecoquij-Tzep v. Hawaiian Grill*, 2016 WL 3745685, at *5.

### III. Analysis

ExxonMobil argues Robbins did not properly allege that this action can be maintained as a collective action under 29 U.S.C. § 216(b). In his First Amended Complaint, Robbins contends that he and similarly situated workers were required to work in excess of twelve hours a day, seven days a week, for consecutive weeks, in Defendant's oilfields across fifteen states. Robbins alleges he worked as a lease operator for Defendant "within the last three years and until approximately September 2014."[1] He further claims he was responsible for inspecting and operating well equipment and performing other route and routine duties as assigned, but simply states class member duties were to "perform similarly non-exempt duties pursuant to Defendant's own common classification scheme."[2]

Although the Fifth Circuit has not addressed the issue, many district courts in the Fifth Circuit have consistently found an FLSA pleading sufficient when it "puts Defendant on notice as to the relevant date range, as well as the approximate number of hours for which Plaintiff claims [he or she] was under-compensated…the FLSA does not require more." *Jones v. Warren Unilube, Inc.*, 5:16-CV-264-DAE, 2016 WL 4586044, at *2 (W.D. Tex. Sept. 1, 2016) (collecting cases). In *Ecoquij-Tzep*, this Court held that "at the pleading stage, plaintiffs asserting

---

[1] Plaintiff's First Amended Complaint (ECF No. 17 at 3).
[2] *Id*. at 4.

FLSA collective actions must make plausible allegations that there are similarly situated employees with certain common alleged attributes that could support a collective action." 2016 WL 3745685, at *5.

Robbins' allegations do not cite the date range when he worked or when the FLSA violations allegedly occurred; instead, he vaguely alleges he worked within the last three years until September 2014. The First Amended Complaint states he worked over twelve hours a day for seven days for weeks at a time, but does not state the number of hours for which he was allegedly undercompensated. Robbins names fifteen states where the Defendant conducts business, but does not state where the alleged FLSA violations occurred. Although Robbins gives several job titles for members of the class, he does not describe their work or state the common attributes between them, vaguely asserting that the purported class members had duties similar to his own. Overall, the First Amended Complaint does not adequately put Defendant on notice of the characteristics of the members of the purported class. Therefore, Robbins has not provided Defendant fair notice of the putative class, and his "[t]hreadbare recitals" are insufficient to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678.

### IV.  Conclusion

For these reasons, Defendant's Motion to Dismiss Plaintiff's Overbroad Class Definition and Related Class Allegations is **GRANTED**. By August 28, 2017, Plaintiff may file a Second Amended Complaint further specifying the class allegations as explained in this Order.

**SO ORDERED**.

July 28, 2017.

*[signature]*
BARBARA M. G. LYNN
CHIEF JUDGE