# United States District Court
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONNIE ROBBINS, AND ALL OTHERS SIMILARLY SITUATED UNDER 29 U.S.C. 216(B) | § § § § § | |
| v. | § § § | CIVIL ACTION NO. 3:16-CV-0793-S |
| XTO ENERGY, INC. (a/k/a EXXONMOBIL) | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's third Motion to Dismiss Plaintiff's Overbroad Class Definition and Related Class Allegations [ECF No. 60]. The Court has twice provided a roadmap to Plaintiff Ronnie Robbins ("Robbins") outlining the issues with his pleadings. Because Robbins again failed to heed the Court's advice, the Court grants the Motion and dismisses the collective action elements of Robbins's Third Amended Complaint with prejudice.

### I. BACKGROUND

Pursuant to Special Order 3-318, this case was transferred from the docket of Chief Judge Barbara M.G. Lynn to the docket of this Court on March 8, 2018.

On March 21, 2016, Plaintiff Ronnie Robbins ("Robbins") filed a collective action against XTO Energy, Inc. ("XTO"), alleging it failed to pay him and other similarly situated employees overtime in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206-07, 215(a)(2). He sought, and was granted, leave to file an Amended Complaint. He filed the Amended Complaint on December 27, 2016. In the Amended Complaint, Robbins alleged he was responsible for inspecting and operating well equipment, as well as performing other routine

duties. Am. Compl. ¶ 13. He defined the proposed class as current and former frontline oilfield workers, including lease operators, automation technicians, and other production-side workers. *Id.* ¶ 3. Robbins claimed that XTO classified Robbins and similarly situated employees as non-exempt, overtime-eligible employees, yet failed to pay them overtime when they worked more than 40 hours per week. *Id.* ¶¶ 14-15.

XTO moved to dismiss the Amended Complaint. On July 28, 2017, the Court granted XTO's motion and afforded Robbins the opportunity to replead. *See* Order 4 ("Lynn Order"). The issues identified in the Lynn Order were: (1) failure to cite the date range worked or when the FLSA violations allegedly occurred; (2) failure to state the number of hours for which Robbins was allegedly undercompensated; (3) failure to state where the alleged FLSA violations occurred; and (4) failure to describe the class members' work or state the common attributes among them. *See id.* "Overall, the . . . Amended Complaint [did] not adequately put Defendant on notice of the characteristics of the members of the purported class." *Id.*

Robbins filed the Second Amended Complaint on September 5, 2017. Robbins amended the class definition to "consist of [XTO's] Lease Operators employed in the United States who (1) were classified as non-exempt; and (2) did not receive an overtime compensation for overtime work in one or more individual workweeks over the past three years." Second Am. Compl. ¶ 5. This definition "include[d], without limitation, such job titles as 'Lease Operator,' 'Pumper,' and all job titles performing similar duties." *Id.* The duties uniting the job titles at issue were "perform[ing] manual and technical labor at well sites to assist with oil and gas production." *Id.* ¶ 2. Robbins further alleged that XTO subjected class members to a common scheme to deprive them of compensation for overtime hours worked. *See, e.g., id.* ¶ 26. XTO allegedly threatened discipline if putative class members failed to meet minimum productivity requirements, thus

2

causing them to work more than 40 hours per week on a regular basis; refused to approve or pay for all overtime hours worked; and instructed class members not to record all hours worked. *Id.* ¶¶ 20-22.

XTO moved to dismiss the Second Amended Complaint, arguing that Robbins failed to correct the deficiencies identified in the Lynn Order. On June 26, 2018, this Court granted the motion and afforded Robbins another opportunity to replead. *See* Order 9 ("Scholer Order"). The issues identified in the Scholer Order were: (1) failure to state where the alleged FLSA violations occurred; and (2) failure to describe the putative class members' work or state the common attributes among them. Robbins filed his Third Amended Complaint on June 26, 2018, the same day this Court issued the Scholer Order.

In the Third Amended Complaint, Robbins again amended the class definition to "consist of Defendants' Lease Operators in the United States who (1) were paid on a non-exempt salary basis; (2) did not receive overtime compensation for overtime work performed in one or more individual workweeks over the past three years; and (3) whose primary duty included the performance of Production Work at well sites." Third Am. Compl. ¶ 6. Production Work, in turn, is defined as "duties . . . performed outside at well sites[, including] (1) inspecting and maintaining well sites; (2) operating, maintaining and repairing oilfield production equipment; (3) collecting production data from well site sources; and (4) inputting data into Defendant's computer system . . . ." *Id.* ¶ 3. Again, Robbins alleges that XTO subjected class members to a common scheme to deprive them of compensation for overtime hours worked by threatening discipline if putative class members failed to meet minimum productivity requirements, thus causing them to work more than 40 hours per week on a regular basis; refusing to approve or pay for all overtime hours worked; and instructing class members not to record all hours worked. *Id.* ¶¶ 23-26.

XTO moved to dismiss the Third Amended Complaint, arguing that it fails to correct the deficiencies identified by the Lynn and Scholer Orders.

## II. LEGAL STANDARDS

### A. *The Rule 12(b)(6) Standard*

To defeat a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility does not require probability, but a plaintiff must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court must accept well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). However, the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.*

The ultimate question is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). At the motion to dismiss stage, the court does not evaluate the

4

plaintiff's likelihood of success. It only determines whether the plaintiff has stated a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977).

### B. *Dismissing Class Allegations*

As noted in the Scholer Order, this Court requires that "at the pleading stage, plaintiffs asserting FLSA collective actions must make plausible allegations that there are similarly situated employees with certain common alleged attributes that could support a collective action." *Ecoquij-Tzep v. Hawaiian Grill*, No. 3:16-CV-0625-M, 2016 WL 3745685, at *5 (N.D. Tex. July 12, 2016) (citation omitted). "[A] 12(b)(6) motion should *not* succeed if the complaint gives 'the defendant fair notice of the putative class.'" *Flores v. ACT Event Servs., Inc.*, 55 F. Supp. 3d 928, 940 (N.D. Tex. 2014) (quoting *Dyer v. Lara's Trucks, Inc.*, Civ. A. File No. 1:12-CV-1785-TWT, 2013 WL 609307, at *3 (N.D. Ga. Feb. 19, 2013)).

### III. ANALYSIS

XTO argues that the Court should dismiss the Third Amended Complaint because Robbins failed to allege adequately the number of hours for which Robbins was allegedly undercompensated, the location of alleged FLSA violations, and the job duties common to the putative class. The Court will address each issue in turn.

As noted by XTO, the Third Amended Complaint fails to state the number of hours for which Robbins was allegedly undercompensated. In the Second Amended Complaint, Robbins alleged that he worked "approximately 45 to 60 hours per workweek" during the May 2012 to September 2014 timeframe. Second Am. Compl. ¶ 15. The Court found this allegation sufficient, but Robbins omitted it from the Third Amended Complaint. Robbins notes in his response brief that this omission was unintentional, and he attached a Fourth Amended Complaint fixing the error to his response. Thus, the Court will not factor this deficiency into its analysis.

5

Next, Robbins fails to state where the alleged FLSA violations occurred. He alleges that he personally "performed the majority of his work giving rise to his claims in Oklahoma and Colorado," but he does not limit the putative class to workers in those locations. Third Am. Compl. ¶ 17. "FLSA violations at one of a company's multiple locations generally are not, without more, sufficient to support company-wide notice." *Holt v. XTO Energy, Inc.*, No. MO:16-CV-00162-RAJ, 2016 WL 11083342, at *3 (W.D. Tex. Nov. 10, 2016) (quoting *Rueda v. Tecon Servs., Inc.*, Civ. A. No. H-10-4937, 2011 WL 2566072, at *4-*6 (S.D. Tex. June 28, 2011)). "However, geographic commonality is not necessary to satisfy the FLSA collective action's similarly situated requirement, so long as the employees were impacted by a common policy." *Id.* (citing *Vargas v. Richardson Trident Co.*, Civ. A. No. H-09-1674, 2010 WL 730155, at *8 (S.D. Tex. Feb. 22, 2010)). Thus, the crux of this Court's inquiry is whether Robbins has adequately alleged a class of individuals impacted by a common policy.

The Court holds that Robbins has failed to plausibly allege that "there are similarly situated employees with certain common alleged attributes that could support a collective action." *Ecoquij-Tzep*, 2016 WL 3745685, at *5. In his Response, Robbins again relies on inapposite decisions granting conditional certification motions. The inquiry at the motion to dismiss stage is different from the one at the conditional certification stage. At the motion to dismiss stage, courts ask whether the defendant has fair notice of the putative class. *See Ecoquij-Tzep*, 2016 WL 3745685, at *5. The focus is on whether the collective action allegations are "descriptive enough to give rise to a plausible right to relief." *Creech v. Holiday CVS, LLC*, Civ. A. No. 11-46-BAJ-DLD, 2012 WL 4483384, at *3 (M.D. La. Sept. 28, 2012).

Robbins alleges that the potential class members are or were non-exempt salaried Lease Operators who performed Production Work and who did not receive overtime compensation for

6

overtime work performed. Unlike in the Second Amended Complaint, Robbins limits the putative class members to individuals holding a single title—Lease Operator—that Robbins defines by reference to XTO's own website. *See Career Opportunities*, XTO ENERGY, https://xtoenergy.com/en-us/company/careers/career-opportunities (last visited Nov. 6, 2018) ("Examples of Operations job titles include . . . Lease Operators[.]"). XTO contends that the use of the term Lease Operator does not actually limit the class to one job title because Robbins notes that Lease Operators are commonly referred to as "pumpers" and "gaugers." Third Am. Compl. ¶ 2. According to XTO, "Pumper" and "Gauger" refer to distinct job titles. Reply Br. 3. But, XTO uses the term "Lease Operator" on its website to refer to a discrete job title. Thus, the Court reads the Third Amended Complaint to include individuals who have or had the title of Lease Operator during the relevant time. Only the individuals who meet these criteria could be included in Robbins's putative class.

While the Court finds Robbins's job title allegation is sufficient, the inquiry does not end there. "[A]n FLSA plaintiff must allege specific facts describing the job duties of the alleged 'similarly situated' employees in order to provide a defendant with fair notice of who is in the putative class and to survive *Twombly* and *Iqbal* pleading standards." *Ainsworth v. Rod's Prod. Servs., LLC*, Case No. A-15-CA-605-SS, 2015 WL 13567093, at *3 (W.D. Tex. Aug. 28, 2015) (citing *Creech*, 2012 WL 4483384, at *3). "A job title alone will not meet this standard." *Id.* Thus, Robbins cannot rest on the allegation that the putative class consists of "Lease Operators." He must also define the class with respect to shared job duties. Further, as noted above, an FLSA plaintiff must "allege facts sufficient to demonstrate that [he] and potential plaintiffs were victims of a common policy or plan that violated the law." *Robinson v. RWLS, LLC*, Civ. No. SA-16-CA-00201-OLG, 2016 WL 9308422, at *2 (W.D. Tex. Aug. 11, 2016) (quoting *England v. Admins. of*

7

*the Tulane Educ. Fund*, Civ. A. No. 16-3184, 2016 WL 3902595, at *4 (E.D. La. July 19, 2016)). The Third Amended Complaint is insufficient with regard to both the job duties inquiry and the common policy or plan inquiry.

As the Court noted in the Scholer Order, Robbins's overreliance on conditional certification cases masks the deficiencies in his allegations regarding the putative class's common job duties. The conditional certification cases make clear that different job duties do not matter only when they are not relevant or do not affect material facts. *See, e.g., Behnken v. Luminant Min. Co., LLC*, 997 F. Supp. 2d 511, 522 (N.D. Tex. 2014) ("[I]t appears from the record . . . that the employees' job classifications, descriptions, or duties do not affect any of the facts that are material to plaintiffs' claim."); *Nguyen v. Versacom, LLC*, Civ. A. No. 3:13-CV-4689-D, 2015 WL 1400564, at *7 (N.D. Tex. Mar. 27, 2015) (finding different job classifications and responsibilities not materially relevant at first stage of certification process based on "the record developed thus far"). Robbins's refusal to define the shared job duties with specificity renders the Court unable to determine their relevance or import.

"The description of plaintiff's job duties must be specific; an overly broad description is . . . impermissible." *Ainsworth*, 2015 WL 13567093, at *3. Although the Third Amended Complaint defines slightly more specific job duties, Robbins continues to insist that the list is not exhaustive. *See* Third Am. Compl. ¶ 3 ("Lease operators['] *primary* job duties are performed outside at well sites and *include* . . . ." (emphasis added)). From this allegation, XTO cannot glean fair notice of who may be included in the potential class. Robbins could broaden the class to any individual performing any duty and argue that such duty was "included" in the Third Amended Complaint's nonexclusive list of "primary" duties.

8

Further, the Third Amended Complaint is devoid of factual allegations from which the Court can conclude that the putative class members were subject to a common policy or plan. Collective actions that have survived motions to dismiss and/or that have been conditionally certified share a common theme—the plaintiffs in those cases pointed to a specific policy that impacted the entire proposed class. *See, e.g., Robinson*, 2016 WL 9308422, at *3 (non-discretionary job bonuses/day rates); *Behnken*, 997 F. Supp. 2d at 522 (mealtime practice); *Aguilar v. Complete Landsculpture, Inc.*, No. Civ. A. 3:04-CV-0776-D, 2004 WL 2293842, at *2 (N.D. Tex. Oct. 7, 2004) (block rate scheme). In the instant case, by contrast, Robbins vaguely alleges that the use of performance appraisals and the enforcement of minimum productivity requirements incentivized individuals to work more than 40 hours per week. He then states in conclusory fashion that "Defendant knew" about the overtime work but refused to approve or pay for overtime hours and that "Defendant instructed" putative class members not to record overtime hours. Third Am. Compl. ¶¶ 24-26. Based on these allegations, supported only by a single anecdote from Robbins's personal experience, Robbins seeks to bring claims on behalf of all XTO Lease Operators in fourteen states. To reiterate, Robbins only alleges that he personally experienced FLSA violations in, at most, two of those states. In the absence of a tangible policy, Robbins needs more facts to render his claim plausible and to survive a motion to dismiss. Despite having four chances to provide these facts, he has failed to do so.

## IV. CONCLUSION

For the foregoing reasons, the Court grants XTO's Motion to Dismiss. Two different courts, along with two prior motions to dismiss, have put Robbins on notice of the defects in his pleadings, yet he has failed to plead an FLSA collective action. Therefore, the Court finds that amendment would be futile. *See Ballard v. Devon Energy Prod. Co.*, 678 F.3d 360, 364 (5th Cir.

9

2012) ("Denial of leave to amend may be warranted for . . . futility of a proposed amendment." (citation omitted)). The Court thus dismisses Robbins's collective action allegations with prejudice. Only Robbins's individual FLSA claim will remain pending before the Court.

**SO ORDERED.**

SIGNED November 7th, 2018.

                                                **KAREN GREN SCHOLER**
                                                **UNITED STATES DISTRICT JUDGE**